UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| PRINTING TEXTILES, LLC DBA BERGER TEXTILES <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES <br><br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : **Court No. 23-00056** <br> : <br> : **PUBLIC DOCUMENT** <br> : <br> : <br> : <br> : |

## COMPLAINT

Plaintiff Printing Textiles, LLC dba Berger Textiles ("Plaintiff" or "Berger"), by and through its undersigned attorney, hereby brings this action and states the following claims against Defendant, the United States. This civil action is against the Defendant, the United States, by and through its officers and employees with United States Customs and Border Protection ("CBP") wrongly taking no action regarding to protests (270422159803 filed at Port 2704 and 520120101583 filed at Port 5201) subject to a scope inquiry/ruling application with the United States Department of Commerce ("Commerce") for certain entries of Canvas Banner Matisse coated fabric ("CBM") shipped from the People's Republic of China ("PRC"). Plaintiff believes the merchandise is not under the scope of the subject antidumping duty order, *Certain Artist Canvas from the People's Republic of China*, 71 Fed. Reg. 31154 (Dep't of Commerce June 1, 2016) (hereinafter the "*Order*"). The deposit rates at which CBP rate advanced is 264.09% under case number A-570-899.

1

Because of Defendant's inactions, Plaintiff believes that it has no remedy other than having the United States Court of International Trade ("CIT") require that CBP reverse its protest denial decisions and return of the entries to unliquidated status or suspend the protest during the pendency of the litigation.

## PARTIES TO THE ACTION

1. Plaintiff imports CBM shipped from the PRC. The company is based in the United States, in Garden Grove, California, where it distributes sustainable digital printing textiles and accessories.

2. The Defendant is the United States, by and through its officers and employees with CBP. CBP is part of the Department of Homeland Security, an executive agency of the United States of America. CBP is responsible for properly assessing duties when merchandise is entered into the United States. This includes a ministerial role in the administration of the antidumping and countervailing duty laws to collect antidumping and countervailing duties when the imported product is within the scope of an antidumping and/or countervailing duty order, and to suspend liquidation of entries subject to antidumping and/or countervailing duty orders, in compliance with cash deposit and suspension of liquidation instructions issued to CBP by the U.S. Department of Commerce through its Office of AD/CVD Operations, Enforcement and Compliance, International Trade Administration.

## JURISDICTION

3. Plaintiff brings this action pursuant to the Court's jurisdiction set forth in 28 U.S.C. § 1581(i).

4. 28 U.S.C. § 1581(i) provides this Court with exclusive jurisdiction over "any civil action commenced against the United States, its agencies, or its officers, that arises out of any

law of the United States providing for- … [(1)(B)] tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue; … [or (1)(D)] administration and enforcement with respect to the matters referred to in subparagraphs (A) through (C) of this paragraph and subsections (a)–(h) of this section." 28 U.S.C. § 1581(i).

5. The antidumping duty laws provide for duties on the importation of merchandise for reasons other than the raising of revenue. The challenged actions taken by Defendant involve Defendant's position it is not required to reverse its protest denial decisions and return of the entries to unliquidated status or suspend the protest during the pendency of the litigation. The matter concerns antidumping duties that it previously rated advanced against numerous entries and also involves the administration of the antidumping duty laws. None of the challenged actions constitute a determination reviewable under this Court's jurisdiction established at 28 U.S.C. § 1581(a)-(h). Accordingly, the Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1581(i), and may order the requested relief pursuant to 28 U.S.C. § 2643.

6. The case is sufficiently unusual for 28 U.S.C. §1581(i) jurisdiction as evidenced by the general language of the Tariff Act of 1930 and statute missing scope rulings/inquiries.

7. Plaintiff cannot invoke 28 U.S.C. § 1581(c) because Commerce has not given its decision.

8. Invoking 28 U.S.C. § 1581(a) or 28 U.S.C. § 1581(c) is manifestly inadequate because neither provides a path to ensure adequate relief for successful scope decisions where entries have been *finally liquidated*. (emphasis added).

9. CBP does not have scope ruling/inquiry statutes to follow for implementing regulations to provide adequate relief. The existing statute (19 U.S.C. § 1515(d)) does not go

far enough in providing a remedy by forcing CBP to stand by while Commerce makes a decision as held by the aforementioned case law.

10.     It is necessary that CBP receive gap filling directives to save the rights of Plaintiff if either CBP or the CIT is unwilling to reliquidate if the Plaintiff is eventually successful. If CBP does not have adequate law to law, 28 U.S.C. § 1581(a) would accomplish nothing other than forcing Plaintiff to file a redundant case with the CIT.

## STANDING

11.     Plaintiff has standing to bring this action pursuant to 28 U.S.C. § 2631(i) which provides:

> Any civil action of which the Court of International Trade has jurisdiction, other than an action specified in subsections (a)-(h) of this section, may be commenced in the court by any person adversely affected or aggrieved by agency action within the meaning of section 702 of title 5.

Pursuant to Section 702 of title 5, the Administrative Procedure Act, "{a} person suffering legal wrong because of agency action, or adversely affected by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

12.     Plaintiff is a "person" under the Administrative Procedure Act. Plaintiff is the importer of record of the merchandise that is subject to this action and is the person adversely affected or aggrieved by the actions of CBP within the meaning of section 702 of title 5 of the United States Code.

## TIMELINESS

13.     Pursuant to USCIT R. 3(a)(3), a civil action brought under 28 U.S.C. § 1581(i) shall be commenced by the concurrent filing of a summons and a complaint with the Clerk of the Court. Plaintiff is filing this complaint concurrently with a summons, and within two years after the cause of action first accrued. By notices of denied protests dated September 16, 2022,

CBP has not reversed its protest denial decisions and return of the entries to unliquidated status or suspend the protest during the pendency of the litigation.

14. Assuming the cause of action accrued when CBP started its inaction on September 16, 2020, Plaintiff's summons and complaint are being filed within two years of that event, which is within the statutory prescribed time period, and this action, therefore, is timely filed.

## PROCEDURAL HISTORY AND BACKGROUND

15. On June 1, 2006, Commerce issued the Order on certain artist canvas from the *Notice of Antidumping Duty Order: Certain Artist Canvas from the People's Republic of China*, 71 Fed. Reg. 31154 (Jun. 1, 2006).

16. On June 16, 2020, Plaintiff submitted a timely protest resulting in protest number 520120101583 and lawfully requested an Application for Further Review ("AFR").

17. CBP suspended protest 520120101583 on June 22, 2020.

18. On March 16, 2022, Plaintiff submitted a timely protest resulting in protest number 270422159803.

19. CBP denied protests 270422159803 and 520120101583 on September 16, 2022. It stated, "CBP empowered/obligated determine if goods are subject to AD Order; CBP independent authority to suspend liq & collect required ADD cash deposits if determine AD Order applies; polyester coated print canvas; timely liqd AD rate instr by DOC; DOC scope ruling applic filed 6/16/20; DOC Suppl Quest issued 6/25/20; 27 months ago; no supporting evidence, substantiating info, submitted to DOC since 6/16/20; DOC considers scope inquiry closed; CBP s determination goods are subject to AD Order final and conclusive."

20. CBP also unlawfully rejected the AFR for 520120101583 on the same day, September 16, 2022.

21. Plaintiff submitted a timely reconsideration (set aside) of the 520120101583 AFR denial on November 15, 2022.

22. On December 15, 2022, Plaintiff submitted a scope inquiry to Commerce as a follow up to a previous scope inquiry where Commerce requested additional information. Note that the Commerce amended its implementing regulations between the original scope inquiry/ruling and the instant scope inquiry/ruling.[1]

23. Also on December 15th Plaintiff requested CBP to void the protests denials (270422159803 and 520120101583), stating that "Plaintiff is respectfully submitting this request to void the denial pursuant to 19 U.S. Code § 1515. Plaintiff submitted a scope inquiry to Commerce on 12.15.22 and is respectfully requesting that CBP suspend the protest. See Sunpreme Inc. v. United States, 946 F.3d 1300, 1317 (Fed. Cir. 2020) (while CBP determines in the first instance whether the goods are subject to existing antidumping or countervailing duty orders and "a decision is 'final and conclusive' unless it is appealed by petition to Commerce)." Note there was a CBP ACE system issue and Plaintiff sent communications adding the aforementioned as well as including the Commerce barcoded scope inquiry.

24. CBP unlawfully denied the reconsideration (set aside) of the 520120101583 AFR denial on January 14, 2023.

25. Commerce deemed the scope inquiry initiated on January 19, 2023.

26. On February 10, 2023, Plaintiff forwarded Commerce's deemed initiated letter to CBP and again requested CBP to void the denial and to suspend the protest because Commerce was clearly in the process of deciding the matter. And that the matter was out of the hands of CBP

---

[1] *See Regulations to Improve Administration and Enforcement of Antidumping and Countervailing Duty Laws,* 86 Fed. Reg. 52300, 52327 (September 20, 2021).

meaning that CBP must give way to Commerce to decide the matter. Plaintiff also stated that CBP inappropriately denied the reconsideration (set aside) of AFR denial request. Plaintiff clearly stated numerous facts and legal arguments which were not considered in CBP's original decision under 19 C.F.R. §174.24(c) and §174.25(b)(3). Plaintiff also requested an oral meeting.

27.   On March 3, 2023, Plaintiff sent another communication stating that Commerce will likely not make a decision within 180 days of the denial dates and reinforced that Commerce is the scope decision maker and again requested CBP to void the denials and suspend the protests until Commerce has made a decision. Plaintiff again asked for an oral meeting.

28.   On March 6, 2023, Plaintiff reached out to CBP for an update and to request an oral meeting. On the same day CBP stated that it would coordinate a call. As of the date of this letter CBP has not voided the denials, not suspended the protests, and has not coordinated a call.

## STATEMENT OF CLAIMS

## COUNT I

29.   Plaintiff hereby restates and incorporates Paragraphs 1 through 28 by reference.

30.   CBP's inaction concerning the protests is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, because it failed to follow applicable case law (Per *TR Int'l Trading Co. v. United States*, 4 F.4th 1363, 1369 (Fed. Cir. 2021), CBP has antidumping scope authority in the first instance but must yield to Commerce where scope inquires/rulings are requested). CBP also failed to follow the applicable statute (19 U.S.C. § 1515(d)) and internal process (suspend protests).

31.   CBP has disregarded timely legal and timely protest denial requests and documentation supporting the scope inquiry/ruling.

32. CBP's inactions are contrary to the explicit instructions as stated in 19 U.S.C. § 1515(d) requests and not based on substantial evidence to do nothing.

## PRAYER FOR RELIEF AND JUDGMENT

WHEREFORE, Plaintiff respectfully requests that the Court:

(A) Enter judgment in favor of Plaintiff;

(B) Hold and declare that the CIT has jurisdiction pursuant to 28 U.S.C. § 1581(i);

(C) Hold and declare that CBP's inaction concerning the protests is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law;

(D) Require that Defendant, the United States, through its officers and employees in CBP, to reverse its protest denial decisions and return of the entries to unliquidated status or suspend the protest during the pendency of the litigation;

(E) Award Plaintiff a judgment for costs, including reasonable attorney fees, in accordance with the Equal Access to Justice Act, 28 U.S.C. § 2412; and

(F) Grant Plaintiff such additional relief as the Court may deem just and proper.

Respectfully submitted,

/S/ Kyl J. Kirby

**KYL J. KIRBY, ATTORNEY AND COUNSELOR AT LAW, P.C.**
1400 Lipscomb Street
Fort Worth, TX 76104
Tel: (214) 632-0841
*Counsel to Printing Textiles, LLC dba Berger Textiles*

Date: March 8, 2023