Slip Op. 23-31

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **PRINTING TEXTILES, LLC, doing business as BERGER TEXTILES**,<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES**,<br><br>Defendant. | **Before: Timothy C. Stanceu, Judge**<br><br>**Court No. 23-00056** |

### OPINION

[Dismissing action for lack of subject matter jurisdiction]

Dated: March 10, 2023

*Kyl J. Kirby*, Attorney and Counselor of Law, P.C., of Fort Worth, Texas, for plaintiff.

*Mikki Cottet*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendant. Also appearing were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, *Patricia M. McCarthy*, Director, and *Franklin E. White, Jr.*, Assistant Director.

Stanceu, Judge: Plaintiff commenced this action on March 8, 2023, contesting

various decisions of U.S. Customs and Border Protection ("Customs" or "CBP")

following CBP's denial of two administrative protests filed by plaintiff. Concluding

that the Court of International Trade lacks subject matter jurisdiction, the court

dismisses this action.

## I. BACKGROUND

Plaintiff Printing Textiles, LLC dba Berger Textiles ("Berger"), a company based in Garden Grove, California, states in its complaint that it was the importer on entries of what it describes as "Canvas Banner Matisse coated fabric" that it imported from the People's Republic of China ("China" or the "PRC"). Compl. 1 (Mar. 8, 2023), ECF No. 2.

### A. The Protests and Protest Denials by Customs

Plaintiff states, further, that it filed two administrative protests with Customs pertaining to various of these entries, one on June 16, 2020 (Protest No. 520120101583) and another on March 16, 2022 (Protest No. 270422159803). *Id*. ¶¶ 16, 18. Berger filed Protest No. 520120101583 with an application for further review. *Id*. ¶ 16. Customs denied both protests on September 16, 2022. *Id*. ¶ 19. In denying Protest No. 520120101583, Customs also denied the application for further review. *Id*. ¶ 20.

Plaintiff filed with Customs a request to set aside the denial of the application for further review of Protest No. 520120101583 on November 15, 2022, *id*. ¶ 21, which Customs denied on January 14, 2023, *id*. ¶ 24. On December 15, 2022, Berger requested that Customs void the denials of the protests on the ground that it submitted to the U.S. Department of Commerce ("Commerce"), on that same date, a request for a scope ruling on the issue of whether the Canvas Banner Matisse coated fabric is within the scope of an antidumping duty order, *Notice of Antidumping Duty Order: Certain Artist Canvas from the People's Republic of China*, 71 Fed. Reg. 31,154 (Int'l Trade Admin. June 1,

2016) (the "Antidumping Duty Order").  Compl. ¶ 22, 23.  Plaintiff asserts that

Commerce deemed the scope inquiry initiated on January 23, 2023.  *Id.* ¶ 25.

On February 10 and March 3, 2023, plaintiff made further requests to Customs

for the voiding of one or both protest denials, and the denial of the request for further

review.  *Id.* ¶¶ 26, 27.

### B.  Plaintiff's Submissions in the Court of International Trade

Plaintiff commenced this action on March 8, 2023 by the filing of a Summons,

ECF No. 1, and the Complaint, ECF No. 2.  On the same day, plaintiff moved for

injunctive relief.  Pl.'s Mot. for TRO and Prelim. Inj., ECF No. 6 ("Pl.'s Mot.").

### II.  DISCUSSION

Berger attempts to invoke the jurisdiction of the Court of International Trade

according to the Court's residual jurisdictional provision, 28 U.S.C. § 1581(i).[1]  Compl.

¶¶ 3–10.  This is unavailing, as the court may not exercise jurisdiction under that

provision if jurisdiction is, or could have been, available under a provision in

paragraphs (a) through (h) of § 1581, unless the relief available under such provision

would be "manifestly inadequate."  *Wanxiang America Corp. v. United States*, 12 F.4th

1369, 1373 (Fed. Cir. 2021) ("§ 1581(i) is a statute of residual jurisdiction that may not be

invoked where jurisdiction is or could have been available under any other subsection

---

[1] Citations herein to the United States Code are to the 2018 edition.

of § 1581, unless such other relief would be manifestly inadequate.") (citing *Miller & Co.*

*v. United States*, 824 F.2d 961, 963 (Fed. Cir. 1987)).

The court interprets plaintiff's claim to be, in essence, that Customs unlawfully

refused to void the denial of its two protests.  *See* Compl. ¶ 30.  As a remedy, Berger

seeks an order that would require Customs "to reverse its protest denial decisions and

return of [*sic*] the entries to unliquidated status or suspend the protest during the

pendency of the litigation."  Compl. 8.  It also seeks immediate injunctive relief to this

effect.  Pl.'s Mot. 22.

A plaintiff has the burden of demonstrating facts under which the court may

exercise subject matter jurisdiction over its claim.  *Norsk Hydro Canada, Inc. v. United*

*States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006) ("It is true that the Court of International

Trade, like all federal courts, is a court of limited jurisdiction, and that the party

invoking that jurisdiction bears the burden of establishing it.") (citing *Kokkonen v.*

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  Berger has failed to do so.

According to Berger, Customs denied the two protests on the ground, *inter alia*,

that it has made a final determination that the imported merchandise is subject to the

Antidumping Duty Order.  Compl. ¶ 19.  Plaintiff has not demonstrated that any

remedy it might obtain according to an action brought to contest CBP's denial of its

protests under section 515 of the Tariff Act of 1930, *as amended*, 19 U.S.C. § 1515, over

which action the court may exercise jurisdiction according to 28 U.S.C. § 1581(a), would

be manifestly inadequate.

    One of the justifications plaintiff offers to show manifest inadequacy is that an

action brought according to 28 U.S.C. § 1581(a) would not "ensure adequate relief for

successful scope decisions where entries have been *finally liquidated*."  Compl. ¶ 8.  In

making this assertion, plaintiff fails to explain how the relief is inadequate even though

the commencing of an action to contest a protest denial under 19 U.S.C. § 1515 may

prevent finality of liquidation from attaching.  *See* 19 U.S.C. § 1514(a).  Berger adds that:

> CBP does not have scope ruling/inquiry statutes to follow for
> implementing regulations to provide adequate relief.  The existing statute
> (19 U.S.C. § 1515(d)) does not go far enough in providing a remedy by
> forcing CBP to stand by while Commerce makes a decision as held by the
> aforementioned case law.

Compl. ¶ 9.[2]  This argument is puzzling in light of plaintiff's factual assertion that

Customs already has made a "final and conclusive" decision on the scope issue.  *See id.*

¶ 19.

    Plaintiff's final argument is that "[i]t is necessary that CBP receive gap filling

directives to save the rights of plaintiff if either CBP or the CIT [Court of International

Trade] is unwilling to reliquidate if the Plaintiff is eventually successful" and that "[i]f

CBP does not have adequate law to law [*sic*], 28 U.S.C. § 1581(a) would accomplish

---

    [2] This is an unclear reference.  The Complaint does not contain citations to court
cases in the portion appearing prior to ¶ 9.  Compl. (Mar. 8, 2023), ECF No. 2.

nothing other than forcing Plaintiff to file a redundant case with the CIT."  *Id*. ¶ 10.

Because the action plaintiff has commenced according to 28 U.S.C. § 1581(i) must be

dismissed for lack of jurisdiction, such a case would not be "redundant."  Moreover,

plaintiff indicates that it has a scope ruling request pending before Commerce.  Compl.

¶ 25.  Commencing an action to contest the protest denials would not by itself preclude

plaintiff from also contesting a future scope ruling by Commerce by bringing an action

under section 516A of the Tariff Act, 19 U.S.C. § 1516a, which potentially could be heard

in this Court according to the jurisdictional provision in 28 U.S.C. § 1581(c).

     The only remaining issue for the court to decide is whether the action plaintiff

has commenced could be construed by the court as an action to contest the protest

denials.  In some circumstances, a court may be able to exercise jurisdiction of an action

even though plaintiff invokes the incorrect jurisdictional provision.  The question

presented is whether the action Berger has commenced under 28 U.S.C. § 1581(i) could

suffice as an action brought according to 28 U.S.C. § 1581(a) to contest the denial of

protests under section 515 of the Tariff Act, 19 U.S.C. § 1515.  No such circumstance is

presented here.  An action to contest a protest denial by Customs is lawfully

commenced only "in accordance with the rules of the Court of International Trade."

28 U.S.C. § 2636(a).  The action plaintiff has commenced does not conform to this

Court's rules for commencing an action to contest a denial of a protest.  *See* USCIT Rs.

3(a)(1), 87; Form 1.

### III. Conclusion

For the reasons discussed in the foregoing, the court must dismiss this action for

lack of subject matter jurisdiction.  Judgment will enter accordingly.

/s/ Timothy C. Stanceu          
Timothy C. Stanceu
Judge

Dated: March 10, 2023
     New York, New York